Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiffs*

10 CIV 4711

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
EZEQUIEL SIERRA, PAWEL KORTA, PLUTO
LEITAO, and GENARO CERVANTES, on behalf of
themselves and all others similarly situated,

       Plaintiffs,

  -against-

ORAMA INC. d/b/a TRATA, ORAMA II, INC.
d/b/a TRATA EAST, CHRISTOS GIORGIOU, and
TIM SALOUROS,
       Defendants.
-------------------------------------------------------------X

RECEIVED JUN 17 2010 U.S.D.C. S.D.N.Y. CASHIERS

COMPLAINT

COLLECTIVE ACTION

ECF CASE

Plaintiffs Ezequiel Sierra, Pawel Korta, Pluto Leitao, and Genaro Cervantes ("plaintiffs"), by their attorneys, Berke-Weiss & Pechman LLP, complaining of defendants Orama Inc. d/b/a Trata Estiatorio ("Trata"), Orama II, Inc. d/b/a Trata East ("Trata East"), Christos Giorgiou ("Giorgiou"), and Tim Salouros ("Salouros") (collectively referred to herein as "defendants"), allege:

### NATURE OF THE ACTION

1.  This action is brought to recover unpaid minimum wages, unlawfully expropriated tips, unpaid overtime, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL"), on behalf of waitstaff who worked at Trata and Trata East.

2.  Defendants have failed to compensate their waitstaff at the federal and state minimum wage, unlawfully appropriated a portion of their tips, made unlawful

1

deductions from their wages, and failed to pay their waitstaff statutorily prescribed overtime wages and spread-of-hours pay.

3. Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiffs, unpaid tips, unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

4. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Trata, one of the defendant restaurants, is located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

6. Ezequiel Sierra resides in Bronx, New York. Sierra worked as a waiter at Trata between March and June of 2009 and Trata East in the summers of 2008 and 2009.

7. Pawel Korta resides in Queens, New York. Korta worked as a waiter at Trata East in the summer of 2009.

8. Pluto Leitao resides in Queens, New York. Leitao worked as a busboy at Trata East in the summer of 2009.

9. Genaro Cervantes resides in Brooklyn, New York. Cervantes worked as a busboy at Trata East in the summer of 2008 and 2009.

10. Plaintiffs were defendants' employees within the meaning of the FLSA and the NYLL, and worked for defendants' restaurants as employees subject to the provisions of the NYLL and the FLSA.

**Defendants**

11. Defendant Orama Inc. is a New York corporation that owns and operates Trata Estiatorio, a restaurant located at 1331 Second Avenue, New York, New York 10021.

12. Defendant Orama II, Inc. is a New York corporation that owns and operates Trata East, a restaurant located at 1020 Montauk Highway, Water Mill, New York 11976.

13. Trata and Trata East, the two restaurants which are the subject of this lawsuit, are a single and joint employer and have had a high degree of interrelated and unified operations and share common management, centralized control of labor relations, common ownership, common control, common business purposes and interrelated business goals.

14. Defendant Christos Giorgiou is an owner of Trata and Trata East and at all times material herein established and had authority regarding the pay practices at the restaurants.

15. Defendant Tim Salouros is an owner of Trata and Trata East and at all times material herein established and had authority regarding the pay practices at the restaurants.

## COLLECTIVE ACTION ALLEGATIONS

16. The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and similarly situated persons (*i.e.* waitstaff) who are current and former employees of Trata and Trata East since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

17. The FLSA Collective consists of approximately seventy-five employees who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages, tips that they earned, overtime, and other wages.

18. The FLSA Collective consists of employees who, during their employment at Trata and Trata East, fell into the category of "tipped employees" who customarily and regularly earn more than $30 per month in tips and were required by defendants to participate in a tip-pooling scheme at the restaurants and who were subjected to the same payroll practices which denied the waitstaff pay for all hours worked and overtime pay for hours worked over forty in a week.

19. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a. depriving its waitstaff of tips that they earned;

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL;

   c. failing to pay employees the minimum hourly wage for all hours worked;

   d. failing to pay employees for all time worked in excess of forty (40) hours per week;

4

  e. diverting the tips of the waitstaff to managers who were ineligible to participate in the tip pool;

  f. failing to pay employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than ten hours.

20. Defendants have engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA.

21. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## THE LAW REGARDING "TIPPED EMPLOYEES"

22. The FLSA and the NYLL allow employers of "tipped employees" to pay their tipped employees at a rate below the federal and state minimum wages.

23. The FLSA and the NYLL provide that in order to be eligible for this "tip credit," or "tip allowance," employers of tipped employees must allow employees to keep all the tips that they receive.

24. The FLSA and the NYLL permit employees to participate in a "tip pool," where tipped employees pool all of their tips together and then redistribute them amongst themselves as they choose, so long as the tip pool is voluntary. The tip pool is unlawful, however, where that tip pool is foisted upon the waitstaff by the restaurant and/or where a non-tipped employee participates in the pool.

5

## THE UNLAWFUL TIP POOL AT TRATA AND TRATA EAST

25. At any given time, defendants employ approximately twenty waitstaff employees at each restaurant. Defendants established and imposed an involuntary tip pool upon its waitstaff, requiring them to include managers of the restaurants in the tip pool.

26. By these and other acts, defendants have taken gratuities belonging to the waitstaff and unlawfully diverted them to the managers.

27. Because defendants established an illegal tip-pooling scheme at the restaurants, they are not entitled to reduce the minimum wages of plaintiffs and the other waiters employed at the restaurant by applying the tip credit allowance that is available under the FLSA and the NYLL.

28. Defendants' improper application of the tip credit deprives plaintiffs and other similarly situated employees of the restaurants of their statutory minimum wage under the FLSA and the NYLL.

## THE FAILURE OF TRATA AND TRATA EAST TO PAY OVERTIME AND FOR ACTUAL HOURS WORKED

29. The FLSA and NYLL require that employers pay all employees one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

30. Certain members of the waitstaff were not paid any hourly wages, but rather were only paid from tips that were left by customers of the restaurant. Other members of the waitstaff received hourly wages for only a fraction of the hours they actually worked.

31. Defendants did not regularly record actual hours worked by its waitstaff.

6

32.  Defendants did not pay its waitstaff overtime for hours worked in excess of forty (40) in a given week.

## SPREAD-OF-HOURS VIOLATIONS

33.  The members of the waitstaff at Trata and Trata East frequently worked more than ten hours per day. However, Trata and Trata East did not pay them the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which their workday spans more than ten hours.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

34.  Plaintiffs repeat and reallege paragraphs 1 through 33 as if fully set forth herein.

35.  Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

36.  Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

37.  Defendants were required to pay to plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

38.  Defendants failed to pay plaintiffs and the FLSA Collective the minimum hourly wage for all hours worked.

39.  Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because, *inter alia*:

   a. Defendants were required to but failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

   b. Defendants diverted tips to managers, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

40. Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

41. Defendants failed to pay plaintiffs and the FLSA Collective for the actual hours they worked.

42. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

43. As a result of defendants' willful violations of the FLSA, the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as if fully set forth herein.

45. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs and the FLSA Collective.

46. Defendants failed to pay plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the NYLL.

47. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the plaintiffs and the FLSA Collective minimum hourly wages.

8

48. As a result of defendants' violations of the NYLL, plaintiffs and the members of the FLSA Collective are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

49. Plaintiffs repeat and reallege paragraphs 1 through 48 as if fully set forth herein.

50. Defendants were required to pay plaintiffs and the FLSA Collective no less than one and one-half times the regular rate at which plaintiffs were employed for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

51. Defendants failed to pay members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

52. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay members of the FLSA Collective overtime wages.

53. Due to defendants' violations of the FLSA, plaintiffs and members of the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

54. Plaintiffs repeat and reallege paragraphs 1 through 53 as if fully set forth herein.

55. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs and the FLSA Collective time and one half of the regular rate for all hours they worked in excess of forty (40).

56. Defendants failed to pay members of the FLSA Collective the overtime wages to which they were entitled under the NYLL.

57. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay members of the FLSA Collective the correct amount of overtime wages.

58. Due to defendants' willful violations of the NYLL, plaintiffs and members of the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

### FIFTH CLAIM
### (New York Labor Law - Unlawful Deductions)

59. Plaintiffs repeat and reallege paragraphs 1 through 58 as if fully set forth herein.

60. New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

61. New York Labor Law § 196-d prohibits any employer or his agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

62. Defendants' knowing and intentional demand and retention of a portion of the waitstaff's tips were willful violations of the NYLL and supporting Department of Labor Regulations.

63. As a result of defendants' willful violations of the NYLL, plaintiffs and the FLSA Collective are entitled to recover from defendants their unpaid wages, reasonable attorneys' fees, liquidated damages, and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

64. Plaintiffs repeat and reallege paragraphs 1 through 63 as if fully set forth herein.

65. Defendants have willfully failed to pay plaintiffs and the members of the FLSA Collective additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

66. By defendants' failure to pay plaintiffs and the FLSA Collective spread-of-hours pay, defendants have wilfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs on behalf of themselves and the FLSA Collective, respectfully request that this Court enter a judgment:

  a. authorizing the issuance of notice at the earliest possible time to all tipped employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

  b. declaring that defendants have violated the tip pool provisions of the FLSA and the NYLL;

11

c. declaring that defendants have violated the minimum wage provisions of the FLSA and NYLL;

d. declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

e. declaring that defendants have violated the unlawful deductions provisions of the NYLL;

f. declaring that defendants have violated the spread-of-hours provision of the NYLL;

g. declaring that defendants' violations of the FLSA were willful;

h. disgorging from defendants and ordering that the defendants remit back the amount of the tip credit deducted from the wages of plaintiffs and the FLSA Collective;

i. awarding plaintiffs and the FLSA Collective damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the plaintiffs and the FLSA Collective for the hours they worked;

j. awarding plaintiffs and the FLSA Collective damages for unpaid wages and tips which were unlawfully diverted to non-waitstaff;

k. awarding plaintiffs and the FLSA Collective damages for unpaid overtime wages;

l. awarding plaintiffs and the FLSA Collective damages for all unauthorized deductions under the NYLL;

m. awarding plaintiffs and the FLSA Collective damages for unpaid spread-of-hours compensation;

  n. awarding plaintiffs and the FLSA Collective liquidated damages under the FLSA and the NYLL;

  o. awarding plaintiffs and the FLSA Collective pre-judgment and post-judgment interest under the NYLL;

  p. awarding plaintiffs and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

  q. awarding monetary and punitive damages against defendants.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Dated: New York, New York
   June 17, 2010

        BERKE-WEISS & PECHMAN LLP

        By: _____
        Louis Pechman (LP-6395)
        488 Madison Avenue, 11th Floor
        New York, New York 10022
        (212) 583-9500
        *Attorneys for Plaintiffs*