**MEMO ENDORSED**

# KLEIN ZELMAN ROTHERMEL LLP
### ATTORNEYS AT LAW
### 485 MADISON AVENUE
### NEW YORK, NEW YORK 10022-5803
### TEL (212) 935-6020
### FAX (212) 753-8101

JANE B. JACOBS
E-MAIL ADDRESS: JBJACOBS@KLEINZELMAN.COM

September 15, 2011

**VIA FACSIMILE: 212-805-7930**

The Honorable James C. Francis, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 18D
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/11
```

  Re: **Ezequiel Sierra, et al v. Orama Inc., et al.**
     **Civil Action No. 10-CV-4711 (JGK) (JCF)**

Dear Judge Francis:

  We represent Defendants in the above-referenced action. We write in response to Your Honor's letter of August 25, 2011 addressing the settlement agreement negotiated by the parties and submitted for the Court's approval (the "Agreement"). In that letter, you questioned the broad release and the confidentiality provision in the Agreement. For the reasons set forth herein, we maintain that the Agreement should be approved in its current form. Plaintiffs take no position with respect to these issues, though they agreed to the terms in the Agreement submitted to the Court.

  This action was never certified as a collective or class action. The settlement is between Defendants and thirteen individual plaintiffs, many of whom were in attendance at the settlement conference before Your Honor on July 27, 2011. As the settlement has an impact on Defendants and the individual plaintiffs only, and the action was not widely publicized, "there is not the same level of concern over the procedural and substantive fairness of the agreement as with the settlement of class litigation." *Kopera v. Home Depot U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 71816, *3 (S.D.N.Y. June 24, 2011).

**Release Provisions**

  The parties have negotiated and agreed to the Agreement and all of its terms, including the provisions in question. Broad release provisions similar to the one in the Agreement are commonplace even in FLSA litigation. While the authority you have

KLEIN ZELMAN ROTHERMEL LLP

The Honorable James C. Francis, U.S.M.J.
September 15, 2011
Page 2 of 3

cited suggests otherwise, it is a District Court decision from the Eleventh Circuit that has not been followed or commented on even within that circuit. *Hogan v. Allstate Beverage Co., Inc.*, 2011 U.S. Dist. LEXIS 90767 (M.D. Ala., August 15, 2011).

Moreover, federal courts, including those in the Second Circuit, routinely approve similarly broad releases even in FLSA cases. See *e.g.*, *Kopera, supra*; *Mosquera v. Masada Auto Sales, Ltd.*, 2011 U.S. Dist. LEXIS 7476 (E.D.N.Y. Jan. 25, 2011). Even one of the decisions cited in your August 25th letter approved a settlement agreement containing a broad release. *Miles v. Ruby Tuesday, Inc.*, 2011 U.S. Dist. LEXIS 79004 (E.D. Va. July 20, 2011).

Furthermore, in *Hogan*, the plaintiff had a pending discrimination charge before the EEOC when his FLSA settlement was being finalized and there was some question whether the broad release language might compromise his EEOC claims. And the discussion in *Hogan* concerning the release provision arguably is *dicta*. Based on various communications between counsel and other facts, the *Hogan* court found that there was no meeting of the minds with respect to the release and that the agreement in question therefore was not binding. The ensuing discussion suggesting some sort of heightened scrutiny of broad release provisions in FLSA settlements was analyzed hypothetically— *e.g.*, "even if the court could imply a binding agreement . . ." *Id.* at *15.

Finally, after its analysis suggesting that the release of claims independent of FLSA claims "should be examined closely," the *Hogan* court specifically stated that it was not saying "that an employee can never waive independent claims in settling an FLSA action." *Id.* at 26. Such a waiver would be permissible even under *Hogan* if the court "is convinced that the employee has a full understanding of what he is releasing in exchange for a settlement award. . . . it is clear that neither Hogan nor his attorney intended to release all the bases of Hogan's claim of racial discrimination." *Id.*

The *Hogan* decision was based on a 2010 Florida decision that has been cited by other courts only within the Eleventh Circuit. *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010). And some of the decisions citing *Moreno* have not followed it and have approved agreements containing broad releases. Indeed, a very recent decision subsequent to *Hogan* from within the Eleventh Circuit so held. *Peyovich v. World Mortgage Co.*, 2011 U.S. Dist. LEXIS 101670 (M.D. Fla. August 24, 2011). In approving an FLSA settlement containing a broad release, the *Peyovich* court noted that "[s]ome judges have found such broad releases to be contrary to the public policy underlying the FLSA." *Id.* at *7, fn5. (citing *Moreno, supra*). The *Peyovich* court nevertheless approved the agreement, including the broad release, because each individual plaintiff had attested that he/she "had conferred with counsel, understood the terms and conditions of both the settlement and the General Release, and understood that he or she was giving up important rights." *Id.*; *see also Robertson v. Ther-RX Corp.*, 2011 U.S. Dist. LEXIS 51733 (M.D. Ala., May 12, 2011). In this case too, Plaintiffs have conferred with counsel and each individually will sign the Agreement, which expressly

{00108999;1}

KLEIN ZELMAN ROTHERMEL LLP

The Honorable James C. Francis, U.S.M.J.
September 15, 2011
Page 3 of 3

states that they find the agreement "fair, adequate and reasonable under the circumstances and have agreed to settle on the terms set forth herein." Agreement, p. 5.

**Confidentiality Provision**

Because this case is not a collective or class action and was never certified as such, there should be less concern over the confidentiality provision than otherwise. While such provisions should not always be approved, this Court has approved agreements containing confidentiality provisions in FLSA cases. *See e.g., Viada v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. LEXIS 84744 (S.D.N.Y. 2006). In any event, even if the Court determines that the agreement must be filed openly, the confidentiality provision may remain in the Agreement. "[W]hile it weakens the efficacy of the confidentiality provisions, [it] will not affect the parties' individual agreements to refrain from disclosing settlement terms to third parties." *Baker v. Dolgencorp, Inc.*, 2011 U.S. Dist. LEXIS 5208, *12 (E.D. Va., Jan. 19, 2011).

The confidentiality provision is a crucial condition of the agreement for Defendants. Defendants are in dire financial condition. The risk that some of the Plaintiffs may publicize the settlement terms to fellow employees—thereby possibly encouraging additional lawsuits—would likely be too much to bear. And the Plaintiffs have each individually agreed to the Agreement with all of its terms based, in part, on Defendants financial predicament.

For the reasons set forth above, we respectfully urge the Court to approve the parties' proposed settlement agreement in its current form.

Respectfully submitted,

KLEIN ZELMAN ROTHERMEL LLP

Jane B. Jacobs

cc:   Louis Pechman, Esq. (via fax 212-308-8582)
      Jessica N. Tischler, Esq. (via fax 212-308-8582)

{00108999;1}

---

*Handwritten order:* Application granted, except that the Agreement will be publicly filed. Counsel shall submit a modified and fully executed Agreement for my signature. SO ORDERED.

James C. Francis IV
USMJ

9/21/11