```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
EZEQUIEL SIERRA, PAWEL KORTA,
PLUTO LEITAO, GENARO CERVANTES,
ALPER SENSOY, ARDIAN SHKURTI, and
SHERIF YASSA, on behalf of themselves
and all others similarly situated,,

                Plaintiffs,

   -against-

ORAMA INC. d/b/a TRATA, ORAMA II,
INC. d/b/a TRATA EAST, TE ROSLYN LLC
d/b/a TRATA ROSLYN, CHRISTOS
GIORGOU, and EFTHIMIOS SALOUROS,

                Defendants.
------------------------------------------------X

Case No. 10-CV-4711 (JGK)(JCF)

**SETTLEMENT AGREEMENT
AND GENERAL RELEASE**

      **WHEREAS**, on or before July 27, 2011, Plaintiffs Ezequiel Sierra, Pawel Korta, Pluto Leitao, Genaro Cervantes, Alper Sensoy, Ardian Shkurti, Sherif Yassa, Fausto Chavez, Edgar Tecuapacho Cuaplo, Efrain Espinoza, Manuel Espinoza, Diego Ramirez, and Stipe Strasnik (hereinafter collectively referred to as "Plaintiffs") have filed a complaint ("Complaint") in this action or consented to join the action, in the United States District Court for the Southern District of New York, entitled, *Ezequiel Sierra, Pawel Korta, Pluto Leitao, Genaro Cervantes, Alper Sensoy, Ardian Shkurti, and Sherif Yassa v. Orama Inc. d/b/a Trata, Orama II, Inc. d/b/a Trata East, TE Roslyn LLC d/b/a Trata Roslyn, Christos Giorgou and Efthimios Salouros*; Case No. 10 Civ. 4711 (JGK)(JCF), asserting violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law, (the "Action") seeking to recover unpaid wages, unlawfully expropriated tips, unpaid overtime wages and spread of hours pay; and

      **WHEREAS**, Plaintiffs and Orama Inc. d/b/a Trata, Orama II, Inc. d/b/a Trata East, TE Roslyn LLC d/b/a Trata Roslyn, Christos Giorgou and Efthimios

{00103645;1}

Salouros (hereinafter referred to as "Defendants") desire to fully and finally resolve and settle in full all claims that Plaintiffs have, have had or may have against the Defendants, under the FLSA and New York Labor Law; and

WHEREAS, Plaintiffs' Counsel and Defendants' Counsel attended a settlement conference on July 27, 2011, before Magistrate Judge James C. Francis, which was also attended by plaintiffs Pawel Korta, Pluto Leitao, Ardian Shkurti and Sherif Yassa and by defendants Christos Giorgou and Efthimios Salouros; and

WHEREAS, Plaintiffs' Counsel and Defendants' Counsel have negotiated in good faith and at arms-length to reach a settlement acceptable to the parties which constitutes a fair and reasonable compromise of Plaintiffs' claims and Defendants' defenses; and

WHEREAS, this settlement is based on each Plaintiff's length of employment with Defendants, number of hours each Plaintiff worked, and the damages which are available under the FLSA and New York Labor Law.

WHEREAS, Plaintiffs and their Counsel performed a thorough study of the law and facts relating to the claims asserted in this action and have concluded, based upon their investigation and discovery, and taking into account the unstable financial condition of defendants, the sharply contested issues, the expense and time necessary to pursue the action through trial, the risks and costs of further prosecution of the Action, the uncertainties of the appeal and complex litigation, and the substantial benefits to the Plaintiffs, that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate and in their best interests. Plaintiffs believe this settlement is fair, adequate and reasonable under the circumstances and have agreed to settle on the terms set forth herein.

{00108665;1}

NOW, THEREFORE, Plaintiffs and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and Defendants that:

1. In consideration of the payment to Plaintiffs by Defendants of One Hundred Fifty Thousand Dollars ($150,000.00) (the "Settlement Amount"), inclusive of Plaintiffs' attorneys fees, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiffs are not otherwise entitled, Plaintiffs hereby release and forever discharge Defendants, their officers, directors, shareholders, owners, investors, employees, agents, parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (the "Releasees"), from any and all claims Plaintiffs have, have had or may have, including but not limited to claims for unpaid wages, unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, tips/gratuities, time worked, and any related penalties, damages, liquidated damages and attorneys' fees, including any and all claims under the FLSA and New York Labor Law. Plaintiffs further release the Releasees, to the extent consistent with applicable law, from any and all claims they have, have had or may have, whether federal, state, local or otherwise, including but not limited to claims under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, as amended, the Employee Retirement Income Security Act of 1974, as amended, the Equal Pay Act of 1963, the federal and New York Worker Adjustment and Retraining Notification Acts, the New York State Human Rights Law, the New York Labor Law, the New York City Human Rights Law, the New York City

{00108665;1}

Administrative Code, as well as any claims under any other federal, state or local statute, law regulation rule, ordinance or order that can legally be waived by a Court-approved settlement of the Action, whether based on common law or otherwise. This release is effective from the beginning of the world to the date of this Settlement Agreement and General Release ("Agreement").

2.     The gross settlement payment for each of the Plaintiffs (after deduction of one-third of the settlement amount for attorneys' fees but before taxes and other withholding described below) shall be as follows:

| | |
|---|---|
| Genaro Cervantes | $9,339 |
| Fausto Chavez | $6,420 |
| Edgar Tecuapacho Cuapio | $10,117 |
| Efrain Espinoza | $5,253 |
| Manuel Espinoza | $7,588 |
| Pawel Korta | $5,253 |
| Pluto Leitao | $5,253 |
| Diego Ramirez | $8,609 |
| Alper Sensoy | $5,107 |
| Ardian Shkurti | $13,949 |
| Ezequiel Sierra | $8,170 |
| Stipe Strasnik | $5,837 |
| Sherif Yassa | $9,105 |
| Total | $100,000 |

3.     The settlement Payments for each Plaintiff will be made in twelve quarterly payments over three years. The parties have determined that the Payments will be treated as earnings subject to IRS Form W-2 reporting and, therefore, normal

payroll taxes and withholdings will be deducted pursuant to state and federal law and Defendant will make all required contributions. Defendant shall be responsible for preparing all IRS Forms W-2, and, where applicable, IRS Forms 1099. Plaintiffs' Counsel and Defendant's Counsel do not intend this Stipulation of Settlement to constitute legal advice. To the extent that this Stipulation of Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

4.  **Tax Treatment of Settlement Payments**: Other than payroll taxes withheld by Defendants as required by law (*see* ¶ 3, herein), Plaintiffs shall be solely responsible for the reporting and payment of any federal, state and/or local income or employment taxes (including penalties and interest) on the Payments described above. Defendants shall report the Payments made pursuant to this Agreement to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to each respective Plaintiff in accordance with the respective Form W-4 currently on file. Each Plaintiff who is not currently employed by Defendants will be given an opportunity to provide Defendants with a new Form W-4, and acknowledges that his/her failure to provide Defendants with a new Form W-4 shall result in Defendants withholding as if the Plaintiff elected zero exemptions.

5.  Defendant shall not be liable for any tax payments that result from the settlement payments under this Agreement, except for the employer's portion of payroll taxes due as a result of wage payments under the settlement. All parties represent that they have not received, and shall not rely on, advice or representations

{00101663;1}

from other parties or their agents concerning the tax treatment of payments under federal, state or local law.

6. <u>Attorneys' Fees</u>: Subject to Court approval and/or modification, Defendants further agree to pay attorneys' fees and past, present and future costs as set forth in Paragraph 7 below as part of Defendant's total payment amount. Defendants will issue IRS Forms 1099 for the Attorneys' Fees to Plaintiffs' Counsel. Plaintiffs' Counsel and/or Plaintiffs will be responsible for correctly characterizing the payment for tax purposes and for paying any taxes due on the amounts received. Plaintiffs agree to pay all taxes due on the Attorneys' Fees and each of them hereby indemnify and hold Defendants harmless in the event of any dispute concerning whether or by whom taxes are owed on the Attorneys' Fees payments.

7. Each Plaintiff expressly acknowledges that he is owed no additional monies (other than the quarterly payments set forth herein) by Defendants or any of the Releasees for any reason whatsoever. Each aggregate installment payment to the Plaintiffs, as set forth in the schedule of payments attached hereto as Exhibit A (the "Payment Schedule"), shall be delivered to Berke-Weiss & Pechman LLP, 488 Madison Avenue, New York, New York 10022.

8. In accordance with Plaintiffs' Retainer Agreements, attorneys' fees in the total amount of $50,000 shall be paid to Berke-Weiss & Pechman LLP. Payments shall be made in accordance with the Payment Schedule. The attorneys' fees are to compensate Counsel for all the work already performed in the Action, and all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Action. The attorneys' fees approved by the Court shall be paid to Counsel and shall be reported to the Internal Revenue Service as

{00108645;1}

non-employee income via IRS Form 1099 issued to Plaintiffs' Counsel. Plaintiffs' Counsel and Plaintiffs shall be responsible for all taxes—federal, state and local—due on this amount and hereby indemnify and hold Defendants harmless in the event of any dispute concerning whether or by whom taxes are owed on the Attorneys' Fees payments.

9.  Within five (5) days of the date counsel for Defendants receives: (i) the fully executed Agreement signed by Plaintiffs; and (ii) the Stipulation and Order of Dismissal (the "Stipulation") in the form attached as Exhibit "B" signed by Plaintiffs' counsel, the parties shall jointly deliver the executed Agreement to the Court for review and approval by Magistrate Judge Francis and shall at the same time deliver the executed Stipulation to Judge Francis to be "SO ORDERED."

10. All payments set forth above shall be delivered to Berke-Weiss & Pechman LLP, 488 Madison Avenue, New York, New York 10022.

11. Plaintiffs represent that they will keep the terms of this Agreement confidential, will not disclose same to any other person or entity, and will not publicize or publish the terms of this Agreement. Notwithstanding the foregoing, Plaintiffs may disclose the terms of this Agreement to members of Plaintiffs' respective immediate families, their attorney(s) and their respective financial advisor(s) for tax purposes or financial planning. Said family member(s), attorney(s) and financial advisor(s) shall also be obligated to keep the terms of this Agreement confidential. In addition, Plaintiffs may disclose the existence and terms of this Agreement in an action to enforce this Agreement, or as otherwise required by law.

12. Plaintiffs and their Counsel agree that they will not issue or cause to be issued any press release or communication, and will not otherwise communicate to any media or media representative, including but not limited to the electronic or digital

media, information regarding the Action, the claims asserted therein, the settlement of the lawsuit and/or this Agreement or the amount of money paid to resolve the Action. If contacted by the press or other forms of media, Plaintiffs and Counsel will state that the matter has been resolved to the satisfaction of all parties, and that they believe that the settlement reflects a reasonable resolution that will avoid needless expense and the inconvenience of further litigation.

13. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs:

Louis Pechman, Esq.
Berke-Weiss and Pechman LLP
488 Madison Avenue, 11th Floor
New York, New York 10022

To Defendants:

Jane B. Jacobs
Klein Zelman Rothermel LLP
485 Madison Avenue
New York, NY 10022

14. All notices, demands or other communications by and between counsel for the parties shall be in writing, transmitted via e-mail or facsimile, and shall be deemed to have been duly given as of the third business day after transmission.

15. The parties affirm that no promise, inducement or agreement not expressed in this Agreement has been made, and that this Agreement contains the entire agreement of the parties.

16. This Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal, state or local statute, or common law rights,

{00108665;1}

including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any and all claims of wrongdoing.

17. This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

18. The parties shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

19. This Agreement may only be modified, altered or changed in writing, signed by the parties.

20. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The parties agree that the United States District Court for the Southern District of New York will continue to have jurisdiction over this Agreement.

21. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

{00103561;1}

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Agreement and General Release.

*Genaro Cervantes*
**GENARO CERVANTES**
Dated: 09/30/11

*[signature]*
**FAUSTO CHAVEZ**
Dated: 30/09/11

*[signature]*
**EDGAR TECUAPACHO CUAPIO**
Dated: 09.29.11

*[signature]*
**EFRAIN ESPINOZA**
Dated: 09-29-11

*[signature]*
**MANUEL ESPINOZA**
Dated: 10/04/11

*[signature]*
**PAWEL KORTA**
Dated: 10-04-2011

*[signature]*
**PLUTO LEITAO**
Dated: 09/29/11

**ORAMA, INC. d/b/a TRATA**
By:

Dated:_____

**ORAMA II, INC. d/b/a TRATA EAST**
By:

Dated:_____

**TE ROSLYN LLC d/b/a TRATA ROSLYN**
By:

Dated:_____

**CHRISTOS GIORGOU**

Dated:_____

**EFTHIMIOS SALOUROS**

Dated:_____

{00108645;1}

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Agreement and General Release.

| | |
|---|---|
| _____<br>GENARO CERVANTES<br>Dated:_____ | _____<br>ORAMA, INC. d/b/a TRATA<br>By:<br>Dated: 10/11/11 |
| _____<br>FAUSTO CHAVEZ<br>Dated:_____ | _____<br>ORAMA II, INC. d/b/a TRATA EAST<br>By:<br>Dated: 10/11/11 |
| _____<br>EDGAR TECUAPACHO CUAPIO<br>Dated:_____ | |
| _____<br>EFRAIN ESPINOZA<br>Dated:_____ | _____<br>TE ROSLYN LLC d/b/a TRATA ROSLYN<br>By:<br>Dated:_____ |
| _____<br>MANUEL ESPINOZA<br>Dated:_____ | _____<br>CHRISTOS GIORGOU<br>Dated:_____ |
| _____<br>PAWEL KORTA<br>Dated:_____ | _____<br>EFTHEMIOS SALOUROS<br>Dated: 10/11/11 |
| _____<br>PLUTO LEITAO<br>Dated:_____ | |

{00108665;1}

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Agreement and General Release.

---

GENARO CERVANTES

Dated:_____

---

FAUSTO CHAVEZ

Dated:_____

---

EDGAR TECUAPACHO CUAPIO

Dated:_____

---

EFRAIN ESPINOZA

Dated:_____

---

MANUEL ESPINOZA

Dated:_____

---

PAWEL KORTA

Dated:_____

---

PLUTO LEITAO

Dated:_____

---

ORAMA, INC. d/b/a TRATA
By:

Dated:_____

---

ORAMA II, INC. d/b/a TRATA EAST
By:

Dated:_____

---

TE ROSLYN LLC d/b/a TRATA ROSLYN
By:

Dated:_____
/s/ CHRISTOS GIORGOU

Dated: 10/1/11

---

EFTHIMIOS SALOUROS

Dated:_____

{00108665;1}

---

**DIEGO RAMIREZ**

Dated:_____


**ALPER SENSOY**

Dated:_____

*[signature]*

**ARDIAN SHKURTI**

Dated: 9/29/2011


**EZEQUIEL SIERRA**

Dated:_____


**STIPE STRASNIK**

Dated:_____


**SHERIF YASSA**

Dated:_____

SETTLEMENT APPROVED

*[signature]* James C. Francis IV

Hon. James C. Francis, U.S.M.J.
Date: 12/2/11

{00102665;1}