UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EZEQUIEL SIERRA, PAWEL KORTA, PLUTO
LEITAO, and GENARO CERVANTES, ALPER SENSOY,
ARDIAN SHKURTI, and SHERIF YASSA, on behalf of
themselves and all others similarly situated,

                              Plaintiffs,
         -against-

ORAMA INC. d/b/a TRATA, ORAMA II, INC.
d/b/a TRATA EAST, TE ROSLYN LLC
d/b/a TRATA ROSLYN, CHRISTOS GIORGIOU,
EFTHIMIOS SALOUROS, GUS PANOPOULOS
AND RUSS PANOPOULOS
                              Defendants.
------------------------------------------------------------------x

Case No.: 10-CV-4711

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Klein Zelman Rothermel LLP ("Klein Zelman" or the "Firm") submits this memorandum of law in support of its motion for an Order, pursuant to the Court's Local Civil Rule 1.4, permitting Klein Zelman to withdraw as counsel for defendants Orama Inc., Orama II, Inc., TE Roslyn LLC, Christos Giorgiou and Efthimios Salouros ("Defendants"), and for such other and further relief as the Court deems just and proper.[1]

### PROCEDURAL HISTORY

This action was filed on June 17, 2010. It is a collective action on behalf of Defendants' wait staff, alleging violations of the Fair Labor Standards Act and New York Labor Law based on Defendants' alleged failure to pay its wait staff the applicable minimum wage, failure to pay the wait staff for all hours worked, making unlawful

---

[1] The Complaint has been withdrawn with respect to defendants Gus Panopoulos and Russ Panopoulos.

deductions from wages, diverting tips to managers and reducing tips for various infractions. On August 17, 2010, Defendants duly filed their Answer to the Complaint.

On or about December 9, 2010, Plaintiffs filed their motion for class certification. Defendants did not oppose the motion. On March 3, 2011, the Court granted Plaintiffs' motion and conditionally certified the class.

Prior to the commencement of discovery, a settlement conference was held on July 27, 2011 before the Hon. James C. Francis. At the July 27th conference, the matter was settled with respect to thirteen individual plaintiffs, with the Parties agreeing to payments over a period of three years.

On September 21, 2011, the Court approved the Parties' final settlement agreement, which specified that the initial settlement payment was to be made on or before October 1, 2011.

Shortly thereafter, Defendants informed Klein Zelman that they were unable to timely make the initial settlement payment. Klein Zelman duly informed Plaintiffs' counsel. At the request of the Parties, on December 2, 2011, the Court held a special conference to address Defendants' delinquency.

Currently, there are no pending motions in this matter other than the instant motion to withdraw.

## **RELEVANT FACTS**

On or about July 1, 2010, Defendants retained Klein Zelman to represent it in this matter. A copy of the Firm's retainer letter with Defendants is attached to the accompanying Affirmation of Jane B. Jacobs—"Jacobs Aff."—as Exhibit A.

Klein Zelman agreed to represent Defendants and provided services to Defendants pursuant to the representation. The Firm invoiced Defendants for its services on a monthly basis and deducted the corresponding amounts from Defendants' initial retainer of $10,000. Jacobs Aff., ¶ 7.

On or about October 22, 2010, Defendants' initial retainer was exhausted. *Id.*, ¶ 8. Despite being invoiced monthly and despite multiple requests for payment (detailed below), Defendants made no further payments to Klein Zelman for some eight months thereafter. *Id.*, ¶ 9.

In response to Klein Zelman's collection efforts, Mr. Giorgiou repeatedly promised payment to Klein Zelman by certain dates, most of which passed with no payment.

In or about April of 2011, Jane Jacobs ("Ms. Jacobs"), Klein Zelman's lead attorney assigned to this matter, spoke with Defendants' representatives, Christos Giorgiou and Efthimios Salouros, about, *inter alia*, the outstanding amounts due to Klein Zelman and requested that Defendants pay their bill and become current with the Firm. *Id.*, ¶ 10.

On April 11, 2011, Ms. Jacobs e-mailed Mr. Giorgiou to discuss, *inter alia*, payment of the Firm's fees, stating that "while we would like nothing better than to see this case through with you to a resolution, if you are unable to make financial arrangements for our fees, we unfortunately cannot do so." *Id.*, ¶ 11, Exhibit B.

On April 13, 2011, Mr. Giorgiou responded, stating "I have a check to be sent out to you this week." *Id.*, ¶ 12. Ms. Jacobs responded that same day, stating that the Firm would stick with the case "if you can make a substantial payment now . . . Whatever you

can pay now, I need you [to] let me know what it will be and to Fed Ex it to me so that I have it tomorrow or Friday at the latest." *Id.* On April 14, 2011, Mr. Giorgiou responded that he would "have a check out to you by Monday [April 18th] because I need the weekend business to put something together." *Id.*

On April 20, having received no payment from Defendants, Ms. Jacobs again inquired about payment, asking "can we expect a check for our fees?" *Id.*, ¶ 13, Exhibit C. Shortly after April 20th, Ms. Jacobs also left voice mail messages for Mr. Giorgiou concerning Defendants' delinquency. *Id.* Mr. Giorgiou neither responded to Ms. Jacobs' April 20th e-mail or subsequent voice mail messages nor sent payment. *Id.*

On May 4, 2011, Ms. Jacobs e-mailed Mr. Giorgiou again, stating that "I can't represent you if you won't answer my attempts to reach you." *Id.*, ¶ 14, Exhibit D. Mr. Giorgiou responded later that day, promising that "after mothers day [May 8th] you will have a check in your office." *Id.*

On May 11, 2011, Ms. Jacobs again e-mailed Mr. Giorgiou, writing "you'd promised a check after the weekend but we have not received anything. Please let me know if you will be sending it so that we can plan accordingly." *Id.*, ¶ 15, Exhibit E. Mr. Giorgiou did not respond. *Id.*

On May 23, 2011, Ms. Jacobs sent another e-mail to Mr. Giorgiou, stating that "several times you've promised payment, most recently after Mother's Day weekend several weeks ago. As you know, we haven't received anything and you did not respond to my email from that time. Your current balance due is $27,960.54. Unless we receive at least $15,000 on or before June 9 we will have no choice but to ask to be relieved as counsel." *Id.*, ¶ 16, Exhibit F.

On June 2, 2011, Ms. Jacobs sent a reminder that the Firm "will make a motion to be relieved as counsel" if payment was not received by June 9, 2011. *Id.*, ¶ 17. Mr. Giorgiou did not timely respond to Ms. Jacobs' May 23rd or June 2nd e-mails.

On or about June 23, 2011, just hours before Klein Zelman was about to file a similar motion to withdraw, Mr. Giorgiou finally responded and sent a check for $10,000.00 to Klein Zelman. On or about June 30, 2011, Defendants paid an additional $5,000.00 to Klein Zelman. *Id.*, ¶ 19. On or about July 28, 2011, Defendants paid Klein Zelman an additional $5,000.00. *Id.*, ¶ 21. These amounts were well short of the amount owed at the time. *Id.*

Thereafter, the Firm continued to represent Defendants. In particular, at a settlement conference on July 27, 2012 before the Hon. James C. Francis, Klein Zelman successfully negotiated a settlement of the Action. *Id.*, ¶ 20. Klein Zelman subsequently negotiated the specific terms of the settlement agreement and drafted portions thereof and saw the settlement through to its execution and approval by the Court, including a letter to the Court briefing legal issues concerning certain terms of the settlement agreement with respect to which Judge Francis took exception. *Id.*, ¶ 22, Exhibit G.

On September 21, 2011, the Court approved the settlement agreement. Shortly thereafter, Defendants informed Ms. Jacobs that they were not able to timely make the initial settlement payment. *Id.*, ¶ 23. Ms. Jacobs duly informed Plaintiffs' counsel of Defendants inability to pay. Klein Zelman also attended a special conference before Judge Francis on December 2, 2011 to address Defendants' inability to pay the initial payment (and subsequent installment payments) pursuant to the settlement agreement. *Id.*, ¶ 24.

Throughout this period, Defendants have failed to pay any additional money to Klein Zelman in spite of the Firm's efforts to obtain payment. *Id.*, ¶ 25. After July, Ms. Jacobs asked Defendants for further payment. Messrs. Giorgiou and Salouros informed Ms. Jacobs that they had fallen on hard times economically and would not be able to pay the Firm's fees or any portion of them. *Id.*, ¶ 26. Out of sympathy with their financial difficulties, and because the matter appeared close to being concluded, Ms. Jacobs continued representing Defendants. But their inability to pay the settlement amounts will likely raise new and continuing issues. In fact, the Court has filed judgment against Defendants in the amount of the initial settlement payment and first installment settlement payment. *Id.*

On January 24, 2012, Ms. Jacobs sent Mr. Giorgiou and Mr. Salouros an e-mail warning them that Klein Zelman intended to file a motion for withdrawal as their counsel in short order. *Id.*, ¶ 27, Exhibit H. On February 2, 2012, Ms. Jacobs sent another e-mail reminding Defendants that she would be filing the instant motion. *Id.*, Exhibit I. Neither Mr. Giorgiou nor Mr. Salouros have responded to these e-mails. Since settling the case, Defendants have failed to pay any of Klein Zelman's fees. Defendants' last payment for services to Klein Zelman was the $5,000.00 payment on or about July 28, 2011. *Id.*

By January 1, 2012, the amount due from Defendants for services provided by the Firm exceeded thirty thousand dollars ($30,000.00). *Id.*, ¶ 28.

## ARGUMENT

Klein Zelman cannot continue to effectively represent Defendants without payment.

### A. Defendants' Failure To Pay The Firm's Fees Provides Sufficient Grounds For Withdrawal

"It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw." *Eastern Freight Ways, v. Eastern Motor Freight*, 2002 U.S. Dist. LEXIS 19673, *1 (S.D.N.Y. 2002); *Promotica of America, Inc. v. Johnson Grossfield, Inc.*, 2000 U.S. Dist. LEXIS 8594, *3 (S.D.N.Y. 2000). "The Court cannot force [ ] counsel to proceed *pro bono* . . . this is sufficient grounds to grant leave to withdraw." *Cower v. Albany Law School of Union University*, 2005 U.S. Dist. LEXIS 13669, *16 (S.D.N.Y. 2005).

Klein Zelman conditioned its initial representation of Defendants on payment terms to which Defendants agreed to adhere. Defendants are not in compliance with the retainer agreement and are unable and/or unwilling to pay the Firm for past services or for services on a going forward basis. Accordingly, the Court should grant Klein Zelman's instant motion to withdraw.

### B. Defendants' Lack Of Objection Further Supports The Motion

Defendants have not objected to the Firm filing a motion to withdraw as counsel. *See Promotica, supra* (granting withdrawal where client does not oppose or respond to withdrawal motion); *Eastern Freight Ways, supra*, *1 (same). Defendants did not respond to Ms. Jacobs' January 24, 2012 and February 2, 2012 e-mails warning that Klein Zelman planned to move for withdrawal.

{00107699;2}    7

Neither Defendants nor Plaintiffs will suffer any prejudice as a result of Defendants transitioning to a new attorney at this stage of the litigation as the matter is concluded and nothing is pending at this time—only anticipated. Defendants' non-payment of Klein Zelman's fees establishes a "satisfactory reason[] for withdrawal," *S.D.N.Y. Local Civil Rule 1.4*; *Promotica, supra*, and the Court should grant the instant motion.

### CONCLUSION

For the foregoing reasons, Klein Zelman Rothermel LLP respectfully requests that this Court issue an Order, pursuant to Local Civil Rule 1.4, permitting its withdrawal from representing Defendants in this action, and any other relief as the Court deems just and proper.

Dated: New York, New York
       February 3, 2012            KLEIN ZELMAN ROTHERMEL LLP

By _____
    Jane B. Jacobs
    Charles Caranicas
485 Madison Avenue—15th Floor
New York, NY 10022
Tel: 212-935-6020
Fax: 212-753-8101
Attorneys for Defendants